PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| DEON McQUEEN, | ) | |
| | ) | CASE NO. 4:25CV2552 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | JUDGE BENITA Y. PEARSON |
| | ) | |
| U.S. DRUG ENFORCEMENT | ) | |
| AGENCY, *et al.*, | ) | **MEMORANDUM OF OPINION** |
| | ) | **AND ORDER** |
| Defendants. | ) | [Resolving ECF Nos. 18 and 19] |

Pending are:

Defendant United States Drug Enforcement Administration's ("DEA") Motion to Dismiss (ECF No. 18) pursuant to Fed. R. Civ. P. 12(b)(6), and

Defendants Shaun Moses, James DeLuca, Quinn Auten, and John Cipriani's Motion to Dismiss (ECF No. 19) pursuant to Fed. R. Civ. P. 12(b)(1), (2), (5), and (6).

The Court has been advised, having reviewed the record, the parties' briefs, and the applicable law. For the reasons that follow, the Court grants both motions.

## I. Background

Plaintiff Deon McQueen identifies as a Black man. *See* Complaint (ECF No. 1) at PageID #: 3, ¶ 12. He started working at the DEA in January 2021. *See* Final Agency Decision (ECF No.18-2) at PageID #: 106. On October 26, 2021, Plaintiff was terminated after nine (9) months of probationary employment. *See* ECF No. 18-2 at PageID #: 106-107. He then filed a timely charge of discrimination with the DEA's Equal Employment Opportunity Commission ("DEA EEOC") branch. On December 20, 2024, the Department of Justice's ("DOJ")

Complaint Adjudication Office issued a right to sue letter, which was effectively delivered to Plaintiff, stating that he had 90 days to file a complaint in federal court naming the U.S. Attorney General as the defendant. *See* ECF No.18-2 at PageID # 158. In response, Plaintiff, by and through counsel, filed a lawsuit against the DEA in federal court in March 2025. *See McQueen v. U.S. Drug Enf't Admin.*, No. 4:25CV0524 (N.D. Ohio filed March 17, 2025) (Pearson, J.) ("*McQueen I*"). The Complaint (ECF No. 1 in No. 4:25CV0524) alleged racial discrimination, retaliation, and hostile work environment under federal and state laws.

Following multiple unsuccessful service attempts and Plaintiff's erroneous claims that service had been completed, the Court twice ordered Plaintiff to show cause for insufficient service. *See* Order (ECF No. 18 in No. 4:25CV0524); Order (ECF No. 24 in No. 4:25CV0524). Plaintiff was notified first by the DEA, *see* Notice (ECF No. 12 in No. 4:25CV0524), and later by the Court of the improper service and the applicable rules for remedy. Following 172 days of Plaintiff's failure to properly serve the U.S. Attorney General or the DEA as required by Fed. R. Civ. 4(i)(1)(B) and (C), the DEA moved the Court to dismiss the case for lack of personal jurisdiction due to insufficient service. *See* Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(1), (2), and (5) (ECF No. 27 in No. 4:25CV0524). Rather than respond to the motion, Plaintiff filed an Amended Complaint (ECF No. 29 in No. 4:25CV0524), which included Shaun Moses, James DeLuca, Quinn Auten, and John Cipriani[1] as new party defendants.

On November 21, 2025 at 4:40 PM EST, the Court granted the DEA's motion to dismiss, and *McQueen I* was dismissed without prejudice. *McQueen v. U.S. Drug Enf't Admin.*, No.

---

[1] Hereinafter referred to as "Individual Defendants."

4:25CV0524, 2025 WL 3251052 (N.D. Nov. 21, 2025). At 7:00 PM EST that same day, Plaintiff filed the Complaint (ECF No. 1) in the present case alleging the same claims against the same parties that were asserted in the Amended Complaint (ECF No. 29 in No. 4:25CV0524) in *McQueen I*. Indeed the two complaints are nearly identical.

Count I of the Complaint (ECF No. 1) asserts a claim for racial discrimination in violation of 42 U.S.C. § 1983 (enforcing rights under 42 U.S.C. § 1981). Count II alleges retaliation in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-3(a). Count III asserts a claim for retaliation in violation of Ohio Rev. Code § 4112.02(I). Count IV alleges retaliation in violation of § 1983. Count V asserts a claim for race discrimination in violation of Title VII. Count VI alleges race discrimination in violation of § 4112.02(A). Count VII asserts a claim for hostile work environment in violation of Title VII. Count VIII alleges hostile work environment in violation of § 4112.02(A). Counts II, V, and VII are asserted against the DEA. Counts I, III, IV, VI, and VIII are asserted against the Individual Defendants in their individual capacities.

Individual Defendants maintain that, to date, Plaintiff has not completed sufficient service on any of them, and that they have not waived any defects in service. *See* Memorandum in Support (ECF No. 19-1) at PageID #: 169-71. On January 27, 2026, Defense counsel sent correspondence to opposing counsel requesting that Plaintiff dismiss the DEA and the Individual Defendants from the case at bar, explaining their position regarding those requests. *See* ECF

Nos. 18 and 19.[2] In the absence of a response from Plaintiff's counsel, Defendants now move to dismiss Counts II, V, and VII against the DEA pursuant to Fed. R. Civ. P. 12(b)(6), and Counts I, III, IV, VI, and VIII against the Individual Defendants pursuant to Fed. R. Civ. P. 12(b)(1), (2), (5), and (6).

Mirroring the procedural defects in *McQueen I*, Plaintiff remains unable to demonstrate that Defendants Auten and Cipriani have been properly served, and service as to Defendants Moses and DeLuca remains contested. *See* 2025 WL 3251052, at *1; ECF No. 19-1 at PageID #: 162; ECF No. 21 at PageID #: 248. On January 22, 2026, the Court entered an Order (ECF No. 7) stating that Plaintiff must "show good cause" for not completing service or the present case would be dismissed. The Declaration of Shaun Moses (ECF No. 19-3) and Declaration of Jennifer DeLuca (ECF No. 19-4), as well as Plaintiff's Proofs of Service (ECF Nos. 15 and 16) all reflect summonses were served on Moses and DeLuca, but not whether a copy of the complaint was also served. In Plaintiff's Response, filed on March 17, 2026, he states "[a]t a minimum, the appropriate remedy is to permit prompt cure" to resolve the service issues argued by the Individual Defendants. ECF No. 21 at PageID #: 248. Since the Individual Defendants filed their Reply Memorandum (ECF No. 23) in March 2026, however, Plaintiff has done nothing to ameliorate the service issues.

---

[2] As stated on the web page of the undersigned, the Court requires a party to submit a written request to be dismissed to opposing counsel before a defendant may file a motion to dismiss. Opposing counsel shall either agree to the request for dismissal or shall give explicit reasons in writing for refusing to do so. Upon such refusal, the party shall reassess its position and may file a motion to dismiss if the party believes it is still entitled to dismissal. The motion to dismiss must be accompanied by a statement certifying that this exchange has occurred.

Plaintiff admits that "Title VII is the exclusive judicial remedy for claims of discrimination in federal employment" and that "the proper defendant is the head of the department." ECF No. 21 at PageID #: 246. Rather than file an amended complaint naming the U.S. Attorney General as a matter of course pursuant to Fed. R. Civ. P. 15(a)(1)(B) on or before March 2, 2026, Plaintiff states in his Response to ECF No. 18 that he "should be granted leave to amend if the Court concludes any Title VII pleading defect can be cured." ECF No. 20 at PageID #: 241. Subsequent to filing the memoranda in opposition to Defendants' motions to dismiss, Plaintiff has not filed a separate motion to amend or a proposed amended pleading at any time before the within ruling on ECF Nos. 18 and 19. *See Begala v. PNC Bank, Ohio, Nat'l Ass'n*, 214 F.3d 776, 784 (6th Cir. 2000) (a request for leave to amend "almost as an aside, to the district court in a memorandum in opposition to the defendant's motion to dismiss is . . . not a motion to amend."). Furthermore, the Court is empowered to deny these types of bare requests to amend. *Tucker v. Middleburg-Legacy Place*, 539 F.3d 545, 551-52 (6th Cir. 2008); *Justice v. Petersen*, No. 21-5848, 2022 WL 2188451, at *3-4 (6th Cir. June 17, 2022).

## II. Standards of Review

### A. Motion to Dismiss under Fed. R. Civ. P. 12(b)(6)

In evaluating a motion for dismissal under Rule 12(b)(6), the Court must "consider the pleadings and affidavits in a light most favorable to the [non-moving party]." *Jones v. City of Carlisle, Ky.*, 3 F.3d 945, 947 (6th Cir. 1993) (quoting *Welsh v. Gibbs*, 631 F.2d 436, 439 (6th Cir. 1980)). A Rule 12(b)(6) motion tests the legal sufficiency of a complaint; thus, in assessing the merits of a Rule 12(b)(6) motion, the court must assume that all the factual allegations set

forth in the complaint are true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Fed. R. Civ. P. 9(f) dictates that allegations of time and place are material when testing the sufficiency of a pleading. "The obligation to plead facts in avoidance of the statute of limitations defense is triggered by the fact that 'it is apparent from the face of the complaint that the time limit for bringing the claim[s] has passed.'" *Bishop v. Lucent Techs., Inc.*, 520 F.3d 516, 520 (6th Cir. 2008) (quoting *Hoover v. Langston Equip. Assocs., Inc.*, 958 F.2d 742, 744 (6th Cir. 1992)). Therefore, when "the allegations in the complaint affirmatively show that the claim is time-barred," then "dismissing the claim under Rule 12(b)(6) is appropriate." *Cataldo v. U.S. Steel Corp.*, 676 F.3d 542, 547 (6th Cir. 2012) (citing *Jones v. Bock*, 549 U.S. 199, 215 (2007)).

**B. Motion to Dismiss under Fed. R. Civ. P. 12(b)(2) and (b)(5)**

Without service, a court has no personal jurisdiction. *See King v. Taylor*, 694 F.3d 650, 655 (6th Cir. 2012). Without personal jurisdiction, a court has no power of adjudication. *See Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 584 (1999). Mere awareness of a federal lawsuit is not an adequate substitute for proper service. *See Engler v. Arnold*, No. 4:14CV2442, 2015 WL 4213642, at *2 (N.D. Ohio July 10, 2015). In response to a motion alleging insufficient service, a court may dismiss a complaint under Rule 12(b)(5). *See Boulger v. Woods*, 917 F.3d 471, 476 (6th Cir. 2019). Granting dismissal for insufficient service is "mandatory rather than discretionary." *Nicholson v. N-Viro Int'l Corp.*, No. 3:06CV01669, 2007 WL

2994452, at *4 (N.D. Ohio Oct.12, 2007) (quoting *Moncrief v. Stone*, 961 F.2d 595, 597 (6th Cir. 1992)).

**C. Motion to Dismiss under Fed. R. Civ. P. 12(b)(1)**

Lack of subject matter jurisdiction is a non-waivable, fatal defect. *Von Dunser v. Aronoff*, 915 F.2d 1071, 1074 (6th Cir. 1990). When a defendant raises the issue of lack of subject matter jurisdiction via a motion to dismiss under Rule 12(b)(1), the plaintiff bears the burden of proving jurisdiction in order to survive the motion. *See Moir v. Greater Cleveland Regional Transit Auth.*, 895 F.2d 266, 269 (6th Cir. 1990) (citing *Rogers v. Stratton Indus., Inc.*, 798 F.2d 913, 915 (6th Cir. 1986) (per curiam)). "[T]he word 'jurisdictional' is generally reserved for prescriptions delineating the classes of cases a court may entertain (subject-matter jurisdiction). . . ." *Fort Bend County v. Davis*, 587 U.S. 541, 548 (2019). "Congress may make other prescriptions jurisdictional by incorporating them into a jurisdictional provision." *Id*. (*e.g.*, diversity jurisdiction in 28 U.S.C. § 1332(a)).

**III. Discussion**

**A. Motion to Dismiss Claims against the DEA under Fed. R. Civ. P. 12(b)(6)**

"In permitting federal employees to sue under Title VII, Congress conditioned the government's waiver of sovereign immunity upon a plaintiff's satisfaction of rigorous administrative exhaustion requirements and time limitations." *McFarland v. Henderson*, 307 F.3d 402, 406 (6th Cir. 2002) (citation and quotation marks omitted). Plaintiff agrees that one such time limitation is the requirement that an employee must file their complaint in district court within 90 days of receiving the EEOC's right to sue letter. *See* ECF No. 20 at PageID #: 236. It

is also undisputed that the initial action (*McQueen I*) was filed within this time period and that the case at bar was filed on the same day the first action was dismissed without prejudice. Plaintiff contends that the present case is subject to equitable tolling and the DEA maintains that the Title VII filing period is not tolled when a complaint is dismissed without prejudice.

"It is generally accepted that a dismissal without prejudice leaves the situation the same as if the suit had never been brought, and that in the absence of a statute to the contrary a party cannot deduct from the period of the statute of limitations the time during which the action so dismissed was pending." *Wilson v. Grumman Ohio Corp.*, 815 F.2d 26, 27 (6th Cir. 1987) (per curiam) (citations omitted). Equitable tolling, however, is available in Title VII cases because "the ninety-day time limitation" is not jurisdictional. *Truitt v. County of Wayne*, 148 F.3d 644, 648 (6th Cir. 1998). Nonetheless, it is "available only in compelling cases which justify a departure from established procedures." *Steiner v. Henderson*, 354 F.3d 432, 435 (6th Cir. 2003) (quoting *Puckett v. Tennessee Eastman Co.*, 889 F.2d 1481, 1488 (6th Cir.1989)). Tolling decisions are made on a "case-by-case basis" and the Court considers the following factors to determine whether equitable tolling is appropriate: "(1) the plaintiff's lack of notice of the filing requirement; (2) the plaintiff's lack of constructive knowledge of the filing requirement; (3) the plaintiff's diligence in pursuing her rights; (4) an absence of prejudice to the defendant; and (5) the plaintiff's reasonableness in remaining ignorant of the particular legal requirement." *Zappone v. United States*, 870 F.3d 551, 556 (6th Cir. 2017) (quoting *Jackson v. United States*, 751 F.3d 712, 719 (6th Cir. 2014)). The Court considers these factors below and finds that they weigh against equitable tolling.

The first two factors – lack of notice and constructive knowledge – are not favorable to Plaintiff because his timely filing of the first action and representation by counsel demonstrate awareness of the filing requirements. *See Amini v. Oberlin College*, 259 F.3d 493, 500 (6th Cir. 2001) (affirming district court's decision dismissing plaintiff's Title VII claim "because [plaintiff] is a lawyer, he should be considered as having both actual and constructive notice" of the filing period). Furthermore, there is no dispute among the parties as to the initial time limitation of the action, and Plaintiff has repeatedly asserted that *McQueen I* was timely filed within the 90-day filing period. *See e.g.*, ECF No. 20 at PageID #: 236.

Examining the third factor, the Court finds that Plaintiff's lack of diligence weighs heavily against the application of equitable tolling. He declares: "The question is not whether service problems existed in the first case. They did." ECF No. 20 at PageID #: 236. Plaintiff was instructed on the proper method of service by Government's counsel and the letter from the DOJ's Complaint Adjudication Office (ECF No.18-2 at PageID # 157-59) and was given 250 days to show cause or complete service before the dismissal of *McQueen I*. *See* 2025 WL3251052, at *1; ECF No. 20 at PageID #: 240. Furthermore, instead of opposing Defendant's motion to dismiss in the first action, Plaintiff filed an amended complaint which did not address the issue at hand. *See McQueen*, 2025 WL3251052, at *1. Plaintiff's apathy to the Court's Orders has continued in the case at bar, as demonstrated by the failure to show cause in response to the Order (ECF No. 7) entered in January 2026 and the failure to perfect service on at least two of the Individual Defendants. The time afforded by the Court to perfect service in *McQueen I* was ample. *See Graham-Humphreys v. Memphis Brooks Museum of Art, Inc.*, 209 F.3d 552, 561

(6th Cir. 2000) (holding that 74 days was "abundant time" to allow for pro se claimant to institute a Title VII action in federal court); *Truitt*, 148 F.3d at 648 (holding that equitable tolling was not appropriate when plaintiff "allowed 120 days to pass" before she paid the filing fee, after notification from the district court that it had denied her *in forma pauperis* application).

The DEA argues that the fourth factor – absence of prejudice to the defendant – weighs in its favor because Plaintiff seeks damages in the form of back pay and lost benefits. *See* ECF No. 22 at PageID #: 254. Because "alleged damages would continue to accrue" during the time period caused by Plaintiff's lack of diligence, equitable tolling is not appropriate. *Spurlock v. Univ. of Toledo*, 86 F. Supp.3d 744, 747 (N.D. Ohio 2015) (declining to apply prospective equitable tolling to Title VII claims when plaintiff was unemployed and seeking compensatory damages, and continued accrual of damages would potentially subject the defendant to undue prejudice). Here, the Court is unaware of Plaintiff's current state of employment or the seriousness of the prejudice to the DEA. Nonetheless, "this factor alone is not a sufficient basis" for allowing or prohibiting equitable tolling. *Amini*, 259 F.3d at 501 (citing *Baldwin County Welcome Ctr. v. Brown*, 466 U.S. 147, 152 (1984)).

Finally, the Court considers Plaintiff's reasonableness in remaining ignorant of the particular legal requirement. The timeliness of the filing of the complaint in *McQueen I* in response to the letter from the DOJ's Complaint Adjudication Office (ECF No.18-2 at PageID # 157-59) does not preclude the application of the fifth factor in the present case. Plaintiff suggests that his claims are entitled to a period of tolling because the within action was filed on the same day *McQueen I* was dismissed without prejudice. *See* ECF 20 at PageID #: 239. It is unclear the

(4:25CV2552)

exact theory on which this assumption is based; however, the Court will address the two cases Plaintiff cites in support of his belief. *See* *Crown Cork & Seal Co. v. Parker*, 462 U.S. 345, 352-53 (1983); *Burnett v. N.Y. Cent. R.R. Co.*, 380 U.S. 424, 428-30 (1965).

In *Crown*, the plaintiff was a putative class member of a class action under Title VII and did not receive his EEOC right to sue letter until after the class action was filed. *See* 462 U.S. at 347-48. The Court held that "the filing of the class action tolled the statute of limitations" for a class member to file his individual action. *Id.* at 352. The Court reasoned that to require individual class members to file their actions prior to the denial of class certification "would be a needless multiplicity of actions." *Id.* at 351.

In *Burnett*, the plaintiff relied on previous actions of the defendant to determine that venue was proper in state court for his claim under the Federal Employers' Liability Act ("FELA"). *See* 380 U.S. at 429. Plaintiff brought his action within the statutory period, service of process was properly completed upon the defendant, and the defendant appeared specially in state court to make a motion to dismiss for improper venue. *See* *id.* at 429-30. Specific to this FELA action was a federal limitation barring removal from state court to federal court in an effort to protect plaintiff's rights. *See* *id.* at 434. On a petition for a writ of certiorari, the Court evaluated whether a state savings statute, a tolling period during state pendency or a standard of "reasonable time" for tolling would best serve the purposes of the Act's provision. *See* *id.* at 434-35. The Court held that "tolling the federal statute for the period of the pendency of the state court action" would best serve "the policies of uniformity and certainty underlying the federal limitation provision." *Id.* at 435-36. The Court reasoned that the purpose of having a federal

limitation provision is to achieve "national uniformity." *Id.* at 434. However, applying a state savings statute or a reasonable standard would create wide inconsistencies between states, undermining the uniformity intended by the limitations period. *See id.* at 435-36. The Court further reasoned that because "both Congress and the States have made clear" that they would not wish a plaintiff to be deprived of his rights "merely because . . . the action was in the improper court," equitable tolling during the state action best carried out the Act's purpose while maintaining the most uniformity. *Id.* at 434.

The way in which the equitable principles of tolling articulated in *Crown* were applied is not applicable in the case at bar. *See* 462 U.S. at 347-48. Rather, the Sixth Circuit has articulated specific factors for determining whether these equitable principles apply, and Plaintiff has failed to respond in accordance with these factors. *See Zappone*, 870 F.3d at 556. Furthermore, while the defendant's conduct in *Burnett* led the plaintiff to believe that an action in state court would be proper, Plaintiff in the present case alleges no conduct suggesting Defendant led him to believe that effective service of process would be waived. *See* 380 U.S. at 429. To the contrary, Defendant explicitly clarified that proper service would not be waived in *McQueen I*. *See* 2025 WL3251052, at *1.

Furthermore, if Plaintiff believed that a state savings statute would be applicable in the case at bar, *Burnett* would be a clear warning sign that Plaintiff was mistaken. *See* 380 U.S. at 435-36. "It is well established that a state saving statute cannot 'save' a federal claim that is governed by its own statute of limitations." *Parish v. HBO & Co.*, 85 F. Supp.2d 792, 797 (S.D. Ohio 1999) (citing *Burnett* 380 U.S. at 432). "Absent compelling equitable considerations, a

court should not extend limitations by even a single day." *Graham-Humphreys*, 209 F.3d at 561 (citation omitted). There are no compelling equitable considerations in the present case, for "[o]ne who fails to act diligently cannot invoke equitable principles to excuse that lack of diligence." *Puckett v. Tenn. Eastman Co.*, 889 F.2d 1481, 1488 (6th Cir. 1989) (quoting *Baldwin Cnty. Welcome Ctr. v. Brown*, 466 U.S. 147, 151 (1984) (clarifying that examples of circumstances justifying tolling include cases when a claimant received inadequate notice from the EEOC, when a motion for appointed counsel is pending, when the court misled the plaintiff or when the defendant engaged in affirmative misconduct)).

Plaintiff's erroneous belief that his claim was entitled to a period of tolling is at best categorized as "a garden variety claim of excusable neglect," and is insufficient to grant equitable tolling. *Irwin v. Dep't of Veterans Aff.*, 498 U.S. 89, 96 (1990). Even if Plaintiff were to argue that there was an attorney error in the first action, "a lawyer's mistake is not a valid basis for equitable tolling." *Whalen v. Randle*, 37 Fed.Appx. 113, 120 (6th Cir. 2002) (citing *Kreutzer v. Bowersox*, 231 F.3d 460 (8th Cir. 2000); *Harris v. Hutchinson*, 209 F.3d 325 (4th Cir. 2000); *Taliani v. Chrans*, 189 F.3d 597, 598 (7th Cir. 1999)). "[T]he remedy for negligence by a party's lawyer is generally a legal malpractice suit or an ineffective assistance of counsel claim, not forcing the opposing party to defend against a stale claim." *Id.* (citing *Taliani*, 189 F.3d at 598).[3]

[3] Carla D. Aikens, one of the attorneys for Plaintiff in the case at bar, has previously been found "conflict[ing] with legal precedent," and received warnings and sanctions from federal judges in Michigan. *Al-Ali v. CVS Pharmacy, Inc.*, No. 24-13046, 2025 WL4688114, at *7-8 (E.D. Mich. Sept. 22, 2025), *report and recommendation adopted*, No. 24-13046, 2026 WL 637611 (E.D.Mich. March 6, 2026).

In light of this record, the Court finds that Plaintiff has failed to establish a basis for equitable tolling.

**B. Motion to Dismiss Claims against the Individual Defendants under Fed. R. Civ. P. 12(b)(2) and (b)(5)**

When an officer or employee of the United States is sued in their individual capacity within a judicial district of the United States, service must comply with Fed. R. Civ. P. 4(e). Fed. R. Civ. P. 4(e) specifies that proper service may be achieved by "delivering a copy of the summons and of the complaint" or "by following state law for serving a summons." The applicable state rule – Ohio R. Civ. P. 4 – specifies in all relevant parts that "[a] copy of the complaint shall be attached to each summons." Thus, under both state and federal law, for proper service "[t]he summons and complaint shall be served together." *Henderson v. United States*, 517 U.S. 654, 657 (1996) (quoting Fed. R. Civ. P. 4(d));[4] *see also* *Barron v. Miami Exec. Towers Assocs. Ltd. P'ship*, 142 F.R.D. 394, 397 (S.D.N.Y. 1992) (holding that "actual receipt of both the summons and the complaint is a base requirement" of Rule 4) (citations omitted); *Macaluso v. N.Y. State Dep't of Envtl. Conservation*, 115 F.R.D. 16, 18 (E.D.N.Y. 1986) ("Rule 4 establishes as a prerequisite to proper service that the summons and complaint shall be served together.") (internal quotation marks and citation omitted). Here, Defendants Moses and DeLuca refuse to waive proper service, asserting that service was improper because Plaintiff did not serve a copy of the complaint with the summons. *See* ECF No. 19-1 at PageID #: 171.

[4] The substance of this provision is retained in current Fed. R. Civ. P. 4(i).

In their motion to dismiss, the Individual Defendants contend that none have received proper service. *See* ECF No. 19 at PageID #: 160. Plaintiff argues that proper service has been made on Defendants Moses and DeLuca. *See* ECF No. 21 at PageID #: 248. Plaintiff maintains that proper service has not been perfected on Defendants Auten and Cipriani because they "avoided or frustrated" service attempts, but has offered no substantiation in support of this claim. *See* ECF No. 21 at PageID #: 248. Plaintiff claims that there is a "factual conflict" as to whether service has been completed on Defendants Moses and DeLuca. *See* ECF No. 21 at PageID #: 248. In the Proofs of Service, however, the only delivered documents served by the process server were "SUMMONS." ECF No. 15 at PageID #: 75; ECF No. 16 at PageID #: 77. Both Defendant Moses and Defendant DeLuca's wife, who received the summons on his behalf, confirm in their Declarations that there was no complaint included with the summons when they were served. *See* ECF Nos. 19-3 and ECF No. 19-4.

In January 2026, the Court entered an Order (ECF No. 7) that provides, in relevant part: "If Plaintiff cannot show good cause why service of the summons and complaint was not made within 90 days after the filing of the complaint, pursuant to Rule 4(m), the action will be dismissed without prejudice on February 20, 2026 as to Defendants Shaun Moses, James Deluca, Quinn Auten, and John Cipriani only." On March 17, 2026 Plaintiff asked the Court in his opposition brief to "allow a reasonable time to cure" the service failures. ECF No. 21 at PageID #: 246; 248. To date, the record remains devoid of any indication that Plaintiff has remedied the existing service failures. "The plaintiff bears the burden of showing good cause for failure to timely serve." *Harris v. City of Cleveland*, 7 Fed.Appx. 452, 456 (6th Cir. 2001) (citation

omitted). When the plaintiff's service efforts are "neither reasonable nor diligent," dismissal is appropriate. *Id.* at 457. Consequently, if this were the end of Defendants' motion to dismiss, the Court would grant dismissal without prejudice against the four Individual Defendants.

### C. Motion to Dismiss Claims Against the Individual Defendants under Fed. R. Civ. P. 12(b)(1) and (b)(6)

Individual Defendants also move the Court to dismiss Plaintiff's claims under Rule 12(b)(1), for lack of subject-matter jurisdiction, and (b)(6), for failure to state a claim upon which relief can be granted. When Congress amended Title VII in 1972, a limited waiver of the United States' sovereign immunity was provided. *See Loeffler v. Frank*, 486 U.S. 549, 558-59 (1988). Title VII "provides the exclusive remedy" for discrimination claims in federal employment. *Hunter v. Sec'y of U.S. Army*, 565 F.3d 986, 993 (6th Cir. 2009) (citing *Brown v. Gen. Servs. Admin.*, 425 U.S. 820, 829-35 (1976)).

#### 1. Claim for Racial Discrimination in Violation of 42 U.S.C. § 1983 (Enforcing Rights Under 42 U.S.C. § 1981) and Alternative *Bivens* Claims

Claims arising under 42 U.S.C. § 1983 and *Bivens*[5] are analyzed under the same legal principles, except for the necessity of federal action under *Bivens* and state action under § 1983. *See Webb v. United States*, 789 F.3d 647, 659 (6th Cir. 2015). To state a viable claim under § 1983, a plaintiff must allege that: 1) he was deprived of a right, privilege or immunity secured by the Federal Constitution or laws of the United States, and 2) the deprivation was caused by a

---

[5] *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971). In *Bivens*, the Supreme Court recognized in the United States Constitution itself an implicit damages cause of action against individual federal officials for violations of constitutional rights.

person while acting under color of state law. *See Haines v. Fed. Motor Carrier Safety Admin.*, 814 F.3d 417, 429 (6th Cir. 2016); *Brock v. McWherter*, 94 F.3d 242, 244 (6th Cir. 1996). Plaintiff alleges in his complaint that the Individual Defendants were "acting in the course and scope of their employment and under color of law." ECF No. 1 at PageID #: 10, ¶ 53. Here, the Individual Defendants were not acting under color of *state* law as they are federal agents acting under federal laws. Furthermore, in *Brown*, the Supreme Court dismissed plaintiffs § 1981 claim, stating that Title VII was intended by Congress to be the "exclusive, pre-emptive administrative and judicial scheme for the redress of federal employment discrimination." 425 U.S. at 828-29.

Alternatively, Plaintiff pleads that individual-capacity claims under *Bivens* would be applicable. *See* ECF No. 1 at PageID #: 11, ¶ 61. Under the doctrine announced in *Bivens*, "a plaintiff must initially demonstrate (1) a challenged action attributable to a person acting under color of federal law, and (2) conduct that deprives the party of a constitutionally protected interest." *Left Fork Min. Co. v. Hooker*, 775 F.3d 768, 774 (6th Cir. 2014) (citing *Schweiker v. Chilicky*, 487 U.S. 412, 418-21 (1988)). A federal official can only be sued in their individual capacity in a *Bivens*-type cause of action because it's purpose is "to deter" the federal official. *FDIC v. Meyer*, 510 U.S. 471, 485 (1994). Plaintiff was terminated on October 26, 2021. In *McQueen I*, Plaintiff did not name the individual employees as defendants until filing an Amended Complaint (ECF No. 29 in No. 4:25CV0524) on September 25, 2025. Thus, any *Bivens* claim would be time-barred by Ohio's two-year statute of limitations. *See* 2025 WL3251052, at *1; *Friedman v. Estate of Presser*, 929 F.2d 1151, 1159 (6th Cir. 1991) (holding

that Ohio's two-year statute of limitations, Ohio Rev. Code Ann. § 2305.10, is applicable to *Bivens* claims).

Moreover, a *Bivens* remedy is not available to Plaintiff because the Sixth Circuit has held that when Congress has already established a "comprehensive administrative remed[y]" it is "inappropriate for the court to imply a *Bivens* cause of action." *Jones v. Tenn. Valley Auth.*, 948 F.2d 258, 261 (6th Cir. 1991) (footnote omitted); *see also* *Downie v. City of Middleburg Heights*, 301 F.3d 688, 694 (6th Cir. 2002) (holding that a *Bivens* claim was unavailable in claims arising from federal employment); *Jones v. Johnson*, 707 Fed.Appx. 321, 331 (6th Cir. 2017) (noting that because the Sixth Circuit "has not recognized a *Bivens* claim" for the alleged tort, it could properly be dismissed). The Supreme Court has made clear that "expanding the *Bivens* remedy is now a disfavored judicial activity," and has "consistently refused to extend *Bivens* to any new context or new category of defendants. *Ziglar v. Abbasi*, 582 U.S. 120, 135 (2017) (quotation marks and citations omitted); *see* *Egbert v. Boule*, 596 U.S. 482, 491 (2022) (The Court reiterated that "recognizing a cause of action under *Bivens* is 'a disfavored judicial activity.'").

**2. State Law Claims (Counts III, VI, and VIII)**

Plaintiff's three state law claims for retaliation, race discrimination, and hostile work environment in violation of Ohio Rev. Code Ann. § 4112 are all within the scope of Title VII. Because Title VII is the exclusive judicial remedy for Plaintiff's claims, there is no cause of action sustainable under state law. *See* *Burrows v. Henderson*, 7 Fed.Appx. 472, 474 (6th Cir. 2001) (holding that Title VII was "intended to be both exclusive and preemptive of state law claims"); *see e.g.*, *Hiler v. Brown*, 177 F.3d 542, 544 n.4 (6th Cir. 1999) (noting that Kentucky

state law "does not confer a private right of action against the federal government" and the district court's dismissal of the state law retaliation claim against Plaintiff's "supervisors in their individual capacities" was appropriate).[6]

Furthermore, even if the state law causes of action were viable claims, the Court notes that they would be barred by the statute of limitations. For claims involving unlawful discriminatory practices relating to employment, under Ohio Rev. Code § 4112.051 a charge must be filed "within two years after the alleged unlawful discriminatory practice was committed." § 4112.051(C)(2). Under 28 U.S.C. § 1658(a), a "civil action arising under an Act of Congress . . . may not be commenced later than 4 years after the action accrues." *See Jones v. R.R. Donnelley & Sons Co.*, 541 U.S. 369, 384 (2004) (holding that a § 1981 cause of action was subject to the statute of limitations as delineated by § 1658). The statute of limitations begins to run when a plaintiff "knows or has reason to know of the injury which is the basis of his action." *Roberson v. Tennessee*, 399 F.3d 792, 794 (6th Cir. 2005) (quoting *Sevier v. Turner*, 742 F.2d 262, 273 (6th Cir.1984)). The accrual date of a claim is determined by asking "what event should have alerted the typical lay person to protect his or her rights." *Id*. (quoting *Hughes v. Vanderbilt Univ.*, 215 F.3d 543, 548 (6th Cir. 2000)). Assuming, at best, that the date of

[6] The within motion sets forth a statement certifying that the Individual Defendants complied with the pre-filing written request. As of the filing of Individual Defendants' Motion to Dismiss, however, Plaintiff's counsel had not responded. *See* ECF No. 19 at PageID #: 160-61. Plaintiff now states that "Defendants are correct that the Ohio statutory employment discrimination claims are vulnerable in this posture." ECF No. 21 at PageID #: 247. The pre-filing written exchange should have obviated the need for the Court's attention to be drawn to unopposed arguments. *See* n. 2, *supra*.

Plaintiff's termination was the date of accrual, the two-year statute of limitations would be exceeded on October 26, 2023; the four-year statute, on October 26, 2025. Plaintiff, however, did not name the Individual Defendants as parties to any action until September 25, 2025. *See* ECF No. 29 in No. 4:25CV0524.

**IV. Conclusion**

For the foregoing reasons,

Defendant United States Drug Enforcement Administration's Motion to Dismiss (ECF No. 18) pursuant to Fed. R. Civ. P. 12(b)(6) is granted.

Defendants Shaun Moses, James DeLuca, Quinn Auten, and John Cipriani's Motion to Dismiss (ECF No. 19) pursuant to Fed. R. Civ. P. 12(b)(1), (2), (5), and (6) is granted.

IT IS SO ORDERED.

August 31, 2026
Date

*/s/ Benita Y. Pearson*
Benita Y. Pearson
United States District Judge